# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JAMES F. GERDING, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:04-CV-803 CAS |
| ) | |
| MIKE KEMNA and ) | |
| JEREMIAH W. NIXON, ) | |
| ) | |
| Respondents. ) | |

## ORDER

This matter is before the Court on state prisoner James F. Gerding's action pursuant to 28 U.S.C. § 2254. This case was referred to United States Magistrate Judge Thomas C. Mummert, III, for report and recommendation on all dispositive matters and for final disposition on all non-dispositive matters, pursuant to 28 U.S.C. § 636(b).

On June 29, 2007, Judge Mummert filed a Report and Recommendation of United States Magistrate Judge which recommended that the petition for writ of habeas corpus be denied. No objections were filed to the Magistrate Judge's Report and Recommendation within the time permitted, but petitioner has filed a motion to withdraw grounds 7 and 8 of the petition. The motion to withdraw asserts that these grounds "are not adequately exhausted in State Courts and therefore present to this Honorable Court a 'mixed petition.'" Mot. to Withdraw at 1. The Magistrate Judge concluded that grounds 7 and 8 were procedurally barred. See Report and Recommendation at 28-31.

After careful review of the record, the Court concurs in the recommendation of the Magistrate Judge. Petitioner's motion to withdraw grounds 7 and 8 will be granted. As the Magistrate Judge

explained, "Petitioner has met the technical requirement for exhaustion of his federal claims" because the time for raising claims of ineffective assistance of trial counsel in a Rule 29.15 motion has passed, Report and Recommendation at 29, and "Petitioner's failure to raise his instant claims of ineffective assistance of trial counsel in his appeal from the denial of his Rule 29.15 motion results in those claims being procedurally barred" from federal habeas review in the absence of a showing of cause and prejudice. Id. at 29-30. As a result, petitioner's assertion that his case presents a "mixed" petition of exhausted and unexhausted claims is incorrect. Petitioner's motion to withdraw asserts abandonment by post-conviction counsel, but it is well established that ineffective assistance by post-conviction counsel cannot constitute "cause" to excuse a procedural default. See Clemmons v. Delo, 124 F.3d 944, 947 (8th Cir. 1997); see also Taylor v. Bowersox, 329 F.3d 963, 971 n.13 (8th Cir. 2003) (same).

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation of United States Magistrate Judge is **sustained**, **adopted** and **incorporated** herein. [Doc. 11]

**IT IS FURTHER ORDERED** that James F. Gerding's Petition for Writ of Habeas Corpus pursuant to Title 28 U.S.C. § 2254 is **DENIED**. [Doc. 1]

**IT IS FURTHER ORDERED** that petitioner's motion to withdraw grounds 7 and 8 is **GRANTED**. [Doc. 12].

**IT IS FURTHER ORDERED** that this matter is **DISMISSED**, with no further action to take place herein.

An appropriate judgment will accompany this order.

////////////////////////////////////////
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  28th  day of August, 2007.